AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Northern Florida |
|---|---|
| Name (under which you were convicted): Walter Mulford | Docket or Case No.: 3:23cv02385-MCK-MJF |
| Place of Confinement: Walton Correctional Institution | Prisoner No.: 351164 |
| Petitioner (include the name under which you were convicted) Walter Mulford  v. | Respondent (authorized person having custody of petitioner) Secretary, Fla. Department of Corrections |
| The Attorney General of the State of: Florida | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Polk County Fla., 10th Circuit Court

    (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3. Length of sentence: 42 years

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: ~~Arrest~~ Armed Robbery, False Imprisonment, Auto Theft, Violation of Parole

6. (a) What was your plea? (Check one)
    - ☐ (1) Not guilty
    - ☑ (2) Guilty
    - ☐ (3) Nolo contendere (no contest)
    - ☐ (4) Insanity plea

FILED USDC FLND PN
JAN 30 '23 PM 2:23

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury    ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8. Did you appeal from the judgment of conviction?

☐ Yes    ☑ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

    (4) Date of result (if you know):

    (5) Citation to the case (if you know):

    (6) Grounds raised:

  (h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☑ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☑ Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court: First Judicial Circuit Court for Walton County

    (2) Docket or case number (if you know): 2019-CA-599

    (3) Date of filing (if you know):

    (4) Nature of the proceeding: Writ of Habeas Corpus

    (5) Grounds raised: A prison sentence can't be stopped without the prisoner's consent, and then resumed for him to finish.

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes ☑ No

    (7) Result: Denied, on the grounds that a detainer doesn't automatically qualify a prisoner credit for time served.

  (8) Date of result (if you know): 1-8-2020

 (b) If you filed any second petition, application, or motion, give the same information:

  (1) Name of court: First District Court of Appeal State of Florida

  (2) Docket or case number (if you know): 1D20-0943

  (3) Date of filing (if you know): 3-18-2020

  (4) Nature of the proceeding: Writ of Certiorari

  (5) Grounds raised: The Fla. Commission on Offender Review can't violate my parole in 1992 and make the effective date of the revocation 25 years later; after I completed the sentence for which my parole was violated.

  (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ☐ Yes   ☒ No

  (7) Result: Denied

  (8) Date of result (if you know): 11-19-2021

 (c) If you filed any third petition, application, or motion, give the same information:

  (1) Name of court: Florida Supreme Court

  (2) Docket or case number (if you know): SC-182

  (3) Date of filing (if you know):

  (4) Nature of the proceeding: Notice To Invoke Discretionary Review

  (5) Grounds raised: My motion was denied before I filed a brief.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☑ No

(7) Result: Denied

(8) Date of result (if you know): 3-8-2022

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:   ☑ Yes   ☑ No
(2) Second petition:  ☐ Yes   ☑ No
(3) Third petition:   ☑ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: I filed a Notice To Invoke Discretionary Review. It was denied because it wasn't timely filed. I missed the deadline for filing because of Covid-19 quaranteens at the prison I'm incarcerated.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** My original state sentence resumed when my parole was violated, and it continued to run until it expired while I was incarcerated in Federal Prison

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I was arrested, and my parole was violated, by Fla. authorities, before I was indited by Federal authorities, and a sentence can't be stopped without the prisoner's consent

(b) If you did not exhaust your state remedies on Ground One, explain why: Denied, due to untimely filing. The petitioner's Notice To Invoke Discretionary Review from the Fla. Supreme Court was filed late, due to Covid 19 quarenteen's at the prison where the petitioner is incarcerated

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?  ☑ Yes  ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
    ☑ Yes  ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Petition for habeas corpus

Name and location of the court where the motion or petition was filed:
First Judicial Circuit Court for Walton County

Docket or case number (if you know): ~~[crossed out]~~ 2019-CA-599

Date of the court's decision: 1-8-2020

Result (attach a copy of the court's opinion or order, if available): Denied

    (3) Did you receive a hearing on your motion or petition?  ☑ Yes  ☐ No
    (4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No
    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
First District Court of Appeal State of Florida

Docket or case number (if you know): 1D20-0943

Date of the court's decision: 11-19-2021

Result (attach a copy of the court's opinion or order, if available): Denied

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** ~~say~~ The petitioner's sentence resumed when his parole was violated in 1992, not when the revokation was made effective upon the completion of a sentence imposed for an offense while the petitioner was on parole in 2017

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes   ☑ No 

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
   ☑ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: Writ of Certiorari;

   Name and location of the court where the motion or petition was filed:
   First District Court of Appeal, State of Florida

   Docket or case number (if you know): 1D20 - 0943

Date of the court's decision: 11-19-2021

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☑ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes   ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
My Notice To Invoke Discretionary Review from the Fla. Supreme Court was denied before I filed a brief.


(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :




**GROUND THREE:**


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐ Yes ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
    (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No
    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No
    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☐ No

   (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☐ Yes   ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?              ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?         ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☐ Yes  ☑ No

    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: The Florida Supreme Court denied my Notice to Invoke Discretionary Review before I filed a brief.

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: No

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes   ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Credit for the time that he served from the time that his parole was violated until it expired, and an immediate release from incarceration.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on 12-29-22 (month, date, year).

Executed (signed) on _____ (date).

Signature of Petitioner [signature]

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL    PAGE    2

RE: MULFORD, WALTER  FDC# 351164    APPEAL #: 20-6-08482

MAILED/FILED WITH AGENCY CLERK
JUN 19 2020
Department of Corrections
Bureau of Inmate Grievance Appeals

Your request for administrative remedy and/or appeal has been received, reviewed and evaluated.

You were Paroled on 10/17/89 on your overall 42 year sentence. The Florida Commission on Offender Review issued their Warrant on 8/5/92, but did not revoke your Parole until 1/3/17 after your released from your federal sentence, and your return to the Department's custody on 1/24/17. You were awarded credit of 404 days from date of arrest as a Parole violator to date of sentence by the Federal authorities.

The Commission has the authority to award credit while under their jurisdiction and if you feel you are entitled to additional credit, you will need to address that with the Florida Commission on Offender Review.

The late reply is due to low staff because of the CORVID-19 virus.

Based on the foregoing, your request is denied.

L. Santana            T. Bowden            6/17/20

06/12/20

Signature and Typed            Signature of Warden            Date:
or Printed Name                Asst. Warden, or
Employee Responding            Secretary's Representative
(L. Santana)

AO 241 (Rev. 09/17)

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $_____, you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and  2  copies to the Clerk of the United States District Court at this address:

    **Clerk, United States District Court for**
    **Address**
    **City, State  Zip Code**

    If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

Provided to Walton CI
On 12-29-22 for Mailing
    Date
By (officer initials) ___

Page 1 of 16

Walter Mulford #351164
H3- 207 L
Walton Correctional Institution Annex
691 Institution Road
DeFuniak Springs FL 32433

US POSTAGE $003.00
ZIP 32433
DEC 29 2022

JAN 3 0 2023

CLERK
U.S. District Court
30 Government Street
Panama City, FL 32401-2758

UNIT030  324015016-1822  01/26/23
NOTIFY SENDER OF NEW ADDRESS
:UNITED STATES DISTRICT COURT
1 N PALAFOX ST
PENSACOLA FL 32502-5665

Provided to Walton CI
On 12-29-22 for Mailing
   Date
By (officer initials) __